FILED

2010 Mar-11  AM 10:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **STEPHEN ALLEN SZARES,** | ] |
| | ] |
|     **Plaintiff,** | ] |
| | ] |
| **v.** | ]    **CV-10-BE-0443-E** |
| | ] |
| **BRENDA STEDHAM,** *Circuit Judge* | ] |
| | ] |
|     **Defendant.** | ] |
| | ] |

## MEMORANDUM OPINION

*Pro se* Plaintiff Stephen Szares brings this case against Calhoun County Circuit Judge Brenda Stedham.  In his Complaint (doc. 1), Mr. Szares alleges that Judge Stedham violated his rights while handling a domestic matter between Mr. Szares and his wife.  Specifically, Mr. Szares alleges constitutional violations through 42 U.S.C. § 1983 and 28 U.S.C. § 1343 and violations of his civil rights.

Mr. Szares asserts that Judge Stedham violated his constitutional rights when she made various decisions in the pending domestic matter, including the issuance of an *ex parte* temporary emergency custody order granting his wife custody of their children.  Mr. Szares also complains that he did not receive adequate notice of his "final divorce trial" that occurred on January 26, 2010.  According to the Complaint, Mr. Szares has received notice that Judge Stedham has reopened the case.  The trial of this domestic matter is scheduled for March 30, 2010.

Because Mr. Szares filed his Complaint *pro se*, the court analyzes his pleadings under a liberal standard. *See Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).  Nevertheless,

because Mr. Szares is proceeding *in forma pauperis*, his complaint is due to be dismissed *if* the court determines that his claims are factually frivolous pursuant to 28 U.S.C. § 1915(d). *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

Mr. Szares seeks injunctive relief and any other relief that the court finds appropriate against Judge Stedham.  He asserts that this court has jurisdiction over this matter based on federal question subject matter jurisdiction, 28 U.S.C. § 1331.  However, Plaintiff's Complaint is factually frivolous because even if the court accepts all of his factual allegations as true, Judge Stedham is entitled to absolute judicial immunity.  Alternatively, the court would abstain from this matter because of the pending matter before Judge Stedham.

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000); *see also* 42 U.S.C. § 1983 (prohibiting injunctive relief against a judicial officer unless declaratory decree violated or declaratory relief unavailable).   "This immunity applies even when the judge's acts are in error, malicious, or were in excess of . . . her jurisdiction." *Id.*

The Supreme Court has set forth a two-part test for determining when a judge is entitled to immunity from money damages liability when sued under section 1983. *Stump v. Sparkman*, 435 U.S. 349 (1978). The first part of the test is whether the judge dealt with the plaintiff in a judicial capacity. *Id.* at 362.  If the judge was not dealing with the plaintiff in a judicial capacity, then immunity does not exist. If the judge was dealing with the plaintiff in her judicial capacity, however, the second part of the test is whether the judge acted in the "clear absence of all jurisdiction." *Id.* at 357 (quotation omitted).

Mr. Szares has offered no facts or law to support an inference that Judge Stedham was acting outside the scope of her office when she made her rulings in the pending domestic matter. In this case, Judge Stedham was clearly dealing with Mr. Szares in her judicial capacity. Judge Stedham's actions–making rulings related to the domestic proceedings before the Circuit Court–constituted normal judicial functions.  Because Judge Stedham was acting in her official capacity by issuing the child custody and trial order in the domestic matter, her actions satisfy the first part of the test for determining the applicability of judicial immunity. *See Rolleston v. Eldridge*, 848 F.2d 163, 164 (11th Cir. 1988); *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986).

Furthermore, Judge Stedham satisfies the second part of the *Stump* test. She clearly has jurisdiction over the domestic matter pending in her court, and Mr. Szares has presented no allegation to the contrary. Therefore, because Judge Stedham's conduct during Mr. Szares pending domestic dispute satisfies both prongs of the *Stump* test for judicial immunity from damages liability, Mr. Szares' claim for damages against Judge Stedham in her individual capacity is dismissed.

As for damages Mr. Szares seeks against Judge Stedham in her official capacity, the sovereign immunity of Judge Stedham's employer, the State of Alabama, bars relief.  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," and, "[a]s such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding in a damages action that neither a state nor its officials acting in their official capacities are "persons" subject to suit under section 1983). Therefore, the court also dismisses any claim for damages against

3

Judge Stedham in her official capacity.

Neither is Mr. Szares entitled to any injunctive relief against Judge Stedham.  To receive declaratory or injunctive relief, a plaintiff must establish 1) that a violation occurred, 2) that a serious risk of continuing irreparable injury exists if the relief is not granted, and 3) the absence of an adequate remedy at law. *See Newman v. Alabama*, 683 F.2d 1312, 1319 (11th Cir. 1982). In the instant case, an adequate remedy *at law* exists for the violations alleged by Mr. Szares in his Complaint.  Specifically, Mr. Szares may appeal any rulings, or actions taken, in the pending domestic matter to the Alabama Court of Civil Appeals.  Accordingly, an adequate remedy at law exists and Mr. Szares is not entitled to declaratory or injunctive relief in this case. As a result, the court will dismiss Plaintiff's claims for injunctive relief.

Further, even if Judge Stedham were not immune or if Mr. Szares had stated a viable claim for relief, the court would have to dismiss this action because it seeks relief for a related matter currently pending in the state court. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814-16 (1976).  Any relief must be sought in state court. The court will simultaneously enter an order to that effect.

DONE and ORDERED this 11th day of March, 2010.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

4